NOT DESIGNATED FOR PUBLICATION

No. 122,377

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE PAIN CONSORTIUM OF GREATER KANSAS CITY, LLC, ET AL.,
*Plaintiffs/Appellees/Cross-appellants*,

and

PARKWAY PLAZA RETAIL/OFFICE OWNERS ASSOCIATION., INC.,
*Intervenor/Plaintiff/Appellee*,

v.

NORTH AMERICAN SAVINGS BANK, F.S.B.,
*Defendant/Third-Party Plaintiff/Appellant/Cross-appellee*,

and

FIRSTSERVICE RESIDENTIAL MISSOURI, INC.,
*Third-Party Defendant/Appellee/Cross-appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed December 23, 2021. Affirmed.

*Thomas M. Franklin*, of Leawood, for defendant/third-party plaintiff/appellant/cross-appellee North American Savings Bank, F.S.B.

*Michelle W. Burns* and *Douglas J. Patterson*, of Property Law Firm, LLC, of Leawood, for plaintiffs/appellees/cross-appellants The Pain Consortium of Greater Kansas City, LLC, et al.

1

*Marcia A. Wood*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, and *William A. Mallory* and *Rod Hoffman*, of the same firm, of Overland Park, for third-party defendant/appellee/cross-appellee FirstService Residential Missouri, Inc.

*Michael T. Halloran* and *John E. Franke*, of Franke, Schultz, & Mullen, P.C., of Kansas City, Missouri, for intervenor/plaintiff/appellee Parkway Plaza Retail/Office Owners Association, Inc.

Before POWELL, P.J., ATCHESON, J., and RICHARD B. WALKER, S.J.

PER CURIAM:  The Parkway Plaza commercial subdivision (Parkway Plaza) is a retail and office development in Leawood. After the developers defaulted on their loan, North American Savings Bank, F.S.B. (NASB) agreed to a deed in lieu of foreclosure, effectively taking ownership of over half the development. NASB was also assigned the developer voting rights to the property, and it appointed two of its employees as officers and directors of the owners' association known as the Parkway Plaza Retail/Office Owners Association, Inc. (the Association). As the only two voting members of the Association, the employees oversaw running the Association, and NASB was assigned the duty of developing the property, among others.

The Pain Consortium of Greater Kansas City, LLC, together with Palo Verde Group, LP (collectively the Pain Consortium), purchased four lots of the Parkway Plaza development from NASB. Upon purchasing the fourth lot, the parties agreed to assign the developer rights to the Pain Consortium. But NASB and Parkway Plaza's property manager, FirstService Residential Missouri, Inc. (FirstService), did not provide the financial statements requested by the Pain Consortium, and the assignment never occurred. Ultimately, the Pain Consortium sued NASB, claiming damages based on NASB's breach of contract. After the petition was filed in January 2014, FirstService and the Association were added as parties, and a receiver was appointed to manage the Association. As the case progressed, claims against FirstService and NASB emerged due to FirstService's poor management of the property and NASB's failure to pay its share of

2

dues as an owner of the development. Four years after the case was filed, the district court reached a decision and found NASB and FirstService jointly liable for the valuation loss on one of the Pain Consortium's four lots in Parkway Plaza.

NASB appeals, arguing the Pain Consortium did not have standing to pursue its claims against NASB. NASB also argues the district court erred when it refused to indemnify NASB against FirstService or the Association. The Pain Consortium cross-appeals, contending the district court abused its discretion when it refused to award attorney fees or the full amount of damages Pain Consortium requested.

We have independently reviewed the matter and summarily affirm the district court's well-reasoned opinion. Ultimately, neither NASB nor the Pain Consortium present any arguments sufficient to reverse the district court's decision; thus, we affirm the district court's judgment in favor of the Pain Consortium pursuant to Supreme Court Rule 7.042(b)(3), (5), and (6) (2021 Kan. S. Ct. R. 49).

Affirmed under Supreme Court Rule 7.042(b)(3), (5), and (6).